IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Joseph Roderick, Jr.,

Plaintiff,

v.

William Martin Joel, aka Billy Joel, Sony Music Entertainment/Columbia Records, Liberty Devitto, Dennis Alexander,

Defendants.

No. CV 26-00594 PHX CDB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. McNAMEE**:

Plaintiff, who proceeds pro se and *in forma pauperis*, has consented to the exercise of magistrate judge jurisdiction over this matter, including the entry of final judgment. Plaintiff seeks leave to proceed on a proposed sixth amended complaint. No defendant has been served nor appeared. Accordingly, this Report and Recommendation is made pursuant to General Order 21-25.

**I. Procedural Background**

**A. *Roderick I***

On July 30, 2024, Plaintiff filed a pro se complaint in the United States District Court for the District of Arizona, naming as defendants William Joel, Liberty Devitto, Sony Music Entertainment doing business as Columbia Records, University Music Publishing Group Worldwide, Dennis Alexander, and Universal Music Publishing Group. *See Roderick v. Joel, et al.*, 24-cv-1871-PHX-SMB (“*Roderick I*”). Plaintiff alleged causes of action for “Verbal Breach of Contract,” “Willful Copyright Infringement,”

"Detrimental Reliance on a Promise," "Fraudulent and Negligent Misrepresentation," and "Statutory Damages." *Id.* at ECF No. 1. The complaint sought $15,000,000 in damages, "including royalties from the past, present, and future," and "fees." *Id.* In an order entered August 1, 2024, Plaintiff's application to proceed *in forma pauperis* was granted, and Plaintiff was ordered to effect service on the defendants. *Id.* at ECF No. 7.

Plaintiff filed an amended complaint in *Roderick I* on August 13, 2024. *Id.* at ECF No. 12. The amended complaint alleged the same causes of action as the initial complaint, but adjusted the names of the corporate defendants. *Id.* In an order entered August 21, 2024, in which the court screened the amended complaint pursuant to 28 U.S.C. §1915(e)(2), the facts and claims were summarized as follows:

> Plaintiff's Complaint alleges breach of verbal contract, copyright infringement, detrimental reliance, fraudulent and negligent misrepresentation, statutory damages, and compensatory damages and attorneys' fees and costs. (Doc. 12 at 2.) Plaintiff alleges that between July and November 1979 he recorded three songs in Defendant Dennis Alexander's studio in Arizona. (*Id.* at 3.) Shortly after, Plaintiff was informed for the first time that Defendant William Martin Joel, also known as the musician Billy Joel, planned to record two out of the three songs, "and that they would get [Plaintiff] on the other end." (*Id.*) Although Plaintiff does not recall one of the song names, he claims he is entitled to past, current, and future residuals for the 1980's "hit" song by Billy Joel, "You May Be Right." (*Id.* at 4.) …

*Id.*, ECF No. 15 at 2.

Judge Brnovich concluded that Plaintiff knew or should have known in 1981, or at the latest in 2019, of his state-law breach of contract claims and she determined those claims were barred by Arizona's three-year statute of limitations. *Id.*, ECF No. 15. Additionally, Judge Brnovich determined Plaintiff's copyright infringement claims under 17 U.S.C. §§ 504 and 505 were subject to 17 U.S.C. § 507(b)'s three-year statute of limitations, and she concluded Plaintiff knew or should have known of the alleged infringement as early as 1980 or 1981, long before Plaintiff filed his complaint. *Id.* Judge Brnovich also found that, with regard to any claims of continuing infringement that were not time-barred, Plaintiff failed to provide evidence that he met the statutory prerequisite

for filing a claim for copyright infringement pursuant to 17 U.S.C. § 1411(a), which provides that ""no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." *Id.* With regard to Plaintiff's claim for statutory damages pursuant to Arizona Revised Statutes § 12-731, Judge Brnovich found the subject statute "inapplicable to Plaintiff's claims," and also noted the statute "otherwise establishes a one-year statute of limitations that Plaintiff failed to meet." *Id.* In sum, Judge Brnovich concluded Plaintiff had "failed to state any claims upon which the Court may grant relief," and she dismissed the complaint and the amended complaint with leave to amend within thirty days. *Id.*

Plaintiff filed a proposed second amended complaint in *Roderick I* on September 9, 2024. *Id.*, ECF No. 19. Plaintiff asserted essentially the same factual allegations, and in addition to his claims for infringement and breach of contract he asserted a claim for promissory estoppel and for emotional pain and suffering. *Id.*, ECF No. 19 at 6. With regard to tolling of the statute of limitations, Plaintiff alleged he was admitted to a psychiatric hospital unit in 1982, and that upon being discharged he had been focused on his mental health. *Id.*, ECF No. 19 at 9-10. Plaintiff allowed that in 2019 he emailed Alexander seeking compensation for the 1979 recording sessions, and that in 2020 he conferred with another session artist (Shackleford) about the 1979 sessions. *Id.*

In an order entered October 30, 2025, Judge Brnovich dismissed the second amended complaint in *Roderick I*, with leave to amend only the continuing copyright infringement claim, advising Plaintiff he could conceivably assert a continuing infringement claim only if he first properly acquired a copyright in the allegedly infringed work. *Id.* at ECF No. 26.

Plaintiff filed a third amended complaint in *Roderick I* on November 21, 2024. *Id.* at ECF No. 28. In an order issued December 20, 2024, Judge Brnovich found and concluded:

Previously, this Court dismissed Plaintiff's Second Amended Complaint with leave to file the instant Complaint asserting only a copyright infringement claim. The Court's Order required Plaintiff to comply with the requirements in 17 U.S.C. § 411(a) prior to filing the Complaint. (*See* Doc. 26.) Following that Order, Plaintiff filed an amended Form AO 120 (the "Form") as required by this Court's Minute Order (Doc. 20). (*See* Doc. 27.) Appended to Plaintiff's Form is a screen capture of the United Sates Copyright Office's ("USCO") public catalog showing a 1979 claim to the song "You May Be Right" held by "Impulsive Music" and "April Music, Inc." (Doc. 27 at 3.) On the next page, Plaintiff included a screen capture of an automated email response from the USCO notifying him that it had received his copyright application and payment for "You May Be Right," but that Plaintiff's "submission [was] not complete until [he] upload[s] or mail[s] the material [he] is registering." (*Id.* at 4.) Plaintiff then filed the Complaint, in which the only new allegation regarding compliance with § 411(a) is that "Exhibit Y6 shows that Plaintiff paid the registration fee for [the] song "You may be Right[.]" (Doc. 28 at 6 ¶ 40 (cleaned up).) As it stands, it is unclear from the Complaint and the USCO email whether Plaintiff has complied with the uploading or mailing requirements to secure the copyright. And thus, it is unknown whether Plaintiff has complied with § 411(a). *This deficiency alone requires dismissal based upon the restrictions on copyright infringement actions under § 411(a)*. Even so, the Court will briefly discuss the allegations in the Complaint to explain why they are deficient.

"To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act." *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). Plaintiff's allegations are a history of his life, his work on the song "You May Be Right," and communications with Dennis Alexander and Brian Shackleford. [] Reading the Complaint alongside the USCO email does not add any weight to Plaintiff's allegations, as the email simply regards Plaintiff's claim to the copyright as incomplete unless he provides the material for which he is filing. (*See* Doc. 27 at 4.) Therefore, even drawing all reasonable inferences in favor of Plaintiff and regarding all facts in the Complaint as true does not help Plaintiff's claim, as he simply has not pleaded that he owns a valid copyright of the song "You May Be Right." (*See* Doc. 28.)

Regarding the second element, the allegations generally show Plaintiff's expectation to be paid a royalty or lump sum but does not otherwise explicitly plead what rights the copyright would confer on him. (*See* Doc. 28.) Here, Plaintiff's requests, without sufficient factual or legal basis, $9,999,999 from each Defendant. (Doc. 28 at 11 ¶ 69.) Additionally,

> Plaintiff asserts that he "waited to be compensated after the success of [the song]" and believes "his career may have prospered significantly if Defendant 'Billy Joel' would have compensated Plaintiff accordingly, and gave Plaintiff his credits as due for his work on [the song]." (Doc. 28 at 8-9 ¶¶ 53, 61 (cleaned up).); *see also* 17 U.S.C. § 504(a)("[A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."). Again, even construing the facts in favor of Plaintiff, *he has not pleaded that any alleged infringement is violating a right that a valid copyright would confer on him*. At bottom, Plaintiff has not put forth factual content that would allow this Court to draw the reasonable inference that the Defendants are liable for copyright infringement. *See Iqbal*, 556 U.S. at 678. Therefore, the Court will dismiss the claim.

*Id.* at ECF No. 37 (emphasis added). Plaintiff's third amended complaint in *Roderick I* was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief may be granted, and judgment was entered and the case closed on December 20, 2024. *Id.* at ECF No. 38.

**B. *Roderick II***

Plaintiff then initiated another federal lawsuit ("*Roderick II*") on June 26, 2025, by filing a pro se complaint in the United States District Court for the Southern District of New York, i.e., *Roderick v. Joel*, *et al.*, 25-cv-05446-LLS, naming Joel, Sony Music Entertainment/Columbia Records, Devitto, and Alexander as defendants. (ECF No. 1). Plaintiff alleged claims for federal copyright infringement, a state-law based claim for unjust enrichment, a claim for "willful infringement," citing 17 U.S.C. § 504, and a claim for "restitutionary damages," citing "CPLR § 5015." (ECF No. 1 at 4).[1] Plaintiff sought leave to proceed *in forma pauperis*, which was granted on August 14, 2025. (ECF No. 4). On September 4, 2025, the Southern District of New York dismissed the federal copyright infringement claims for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 5). The Southern District of New York

---

[1] CPLR § 5015(a)(1) is one of New York's Civil Practice Law and Rules governing relief from judgments or orders. It specifically addresses situations where a party, usually a defendant, seeks to vacate a judgment due to excusable default.

declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, citing 28 U.S.C. § 1367(c)(3), but allowed Plaintiff to replead his state-law based claims. (*Id.*).

Plaintiff filed an amended complaint in *Roderick II* on October 3, 2025. (ECF No. 6). The amended complaint asserted claims for copyright infringement pursuant to 17 U.S.C. § 501, unpaid royalties pursuant to New York state law, "verbal breach of contract," citing "41 U.S. Code § 6503" (a statute regarding breach of a contract involving a federal government contractor), "unjust enrichment," and for "Damages – 18 U.S. Code § 2520" (the federal law equivalent of Arizona Revised Statutes § 12-731, which Judge Brnovich found in *Roderick I* was inapplicable to Plaintiff's claims). (ECF No. 6 at 2-3).

In the amended complaint in *Roderick II* Plaintiff alleged essentially the same factual background for his claims as asserted in *Roderick I*, i.e.:

> Between April and November 1979, Plaintiff was invited by keyboardist Brian Shackleford to participate in a recording session for Dennis Alexander at Pantheon Recording in Scottsdale, Arizona. Plaintiff recorded three songs and received a $50.00 check for his services. Prior to the session, Plaintiff studied a demo tape provided by the studio, which contained no drum parts. *During the session, Plaintiff composed and performed all drum arrangements for "You May Be Right," meticulously developing the intro, transitions, verses, breaks, and chorus.* No instructions were given regarding how or what to play. *Payment was received on the day of the session*.
>
> Approximately two weeks after the recording, Brian Shackleford informed Plaintiff that Billy Joel had selected two songs from the session and promised that Plaintiff would be compensated "on the other end." To date, Plaintiff has not received any compensation beyond the initial payment. Plaintiff contacted Shackleford in 2019 and emailed Dennis Alexander in 2023 regarding this matter.
>
> Plaintiff suffered from depression and mental health issues between 1980 and 1985, leading to admission at Good Samaritan Hospital in Dayton, Ohio in 1982. At the time of the session, Plaintiff lacked legal representation and management, and believes he was taken advantage of. In 2018-2019, Plaintiff recognized his involvement in "You May Be Right" after hearing it on the radio. In 2019, he reconnected with Shackleford, and in May 2023, realized the potential to pursue legal action against the Defendants.

(ECF No. 6 at 3) (emphasis added). Plaintiff further asserted he "filed copyright registration in July 2024 (file #1-14410612761) as required for legal action. The sound recording registration is currently active." (ECF No. 6 at 4). With regard to his breach of contract claim, Plaintiff alleged:

> *Defendants* verbally agreed to compensate Plaintiff for his contribution to "You May Be Right," but have failed to do so. The essential elements of an enforceable oral contract were present: offer and acceptance, consideration, mutual agreement, legality, and capacity. Evidence supporting Plaintiff's claim includes witness affidavits, emails, performance evidence, and check payments.

(ECF No. 6 at 5) (emphasis added).[2]

With regard to his claim for unjust enrichment, Plaintiff alleged his "work contributed to the success of "You May Be Right," which achieved "significant commercial and streaming milestones." (*Id.*). Plaintiff averred he "received no compensation beyond the initial payment," and he also alleged he "wrote, arranged, and performed drums for "You May Be Right."" (*Id.*). Plaintiff notes Glass Houses (the album on which You May Be Right appeared) "sold over 7.1 million copies worldwide," and that "You May Be Right" "reached No. 7" on "the US charts." (*Id.*). Plaintiff also alleges "compensation was verbally agreed upon," and that he "received a $50.00 check and was promised additional compensation." (*Id.*). [3]

---

[2] As with his future complaints, the only factual allegations Plaintiff made with regard to the origination of the promise of additional compensation is that after Plaintiff was compensated for the recording session "Shackleford informed Plaintiff" that Joel had selected "two songs from the session" and Shackleford told Plaintiff he would be compensated "on the other end." This allegation does not plausibly assert that Plaintiff was promised compensation by Joel. Nor does Plaintiff provide or elaborate as to "witness affidavits, emails, [or] performance evidence" in support of his claims.

[3] The Court may take judicial notice of material that is referenced or relied upon by the relevant complaint and matters in the public record. *See*, *e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). Authorship of the songs on "Glass Houses," including "You May Be Right", and all recorded performances of the songs on Glass Houses, are copyrighted by Billy Joel; the performances were recorded at the Columbia Records studio in New York City. Beginning March 12, 1980, DeVitto has been credited with all of the recorded drum *performances* on Glass Houses. On May 19, 2009, DeVitto filed a lawsuit in the New York Supreme Court asserting he had never been given *songwriting* credit on any of Joel's recordings. *See DeVitto v. Joel et al.*, No. 107122

In an order entered January 13, 2026, the Southern District of New York dismissed Plaintiff's federal copyright claim pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim on which relief may be granted. The court found and concluded:

> The following facts are drawn from the amended complaint. Between April and November 1979, Plaintiff was invited by a keyboardist named Brian Shackleford to participate in a record session for Defendant Dennis Alexander at Pantheon Recording in Scottsdale, Arizona. Plaintiff recorded three songs and "received a $50.00 check for his services." (ECF 6, at 3.) During the recording session, Plaintiff "composed and performed all drum arrangements for 'You May Be Right,' meticulously developing the intro, transition, verses, breaks, and chorus." (*Id.*) Plaintiff was given "[n]o instructions" on what or how to play, and "[p]ayment was received on the day of the session." (*Id.*)
>
> Approximately two weeks after the recording session, Shackleford informed Plaintiff that Joel "had selected two songs from the session and promised that Plaintiff would be compensated 'on the other end.'" (*Id.*) Plaintiff alleges that he suffered from mental health issues between 1980 and 1985, and only "recognized his involvement in 'You May Be Right'" after hearing the song on the radio in 2018 or 2019. (*Id.*) He contacted Shackleford in 2019 and emailed Alexander in 2023, but he has not received any compensation "beyond the initial payment." (*Id.*) Plaintiff did not "realize[] the potential to pursue legal action" against Defendants until 2023. (*Id.*) Plaintiff further alleges that Devitto filed a complaint in 2009 for unpaid royalties and breach of contract, and has since been credited for playing drums on "You May Be Right' and has been "compensated accordingly." (*Id.* at 4.)
>
> With respect to registering his copyright with the USCO, Plaintiff alleges that he "filed copyright registration in July 2024 (file#1-14410612761)." (*Id.*) He does not allege what specific work or works he registered, but he states that the "sound recording registration is currently active." (*Id.*)

(ECF No. 8 at 2-4).

The Southern District of New York found and concluded:

> … registration of a copyright with the USCO is a precondition for bringing a copyright infringement action in federal court. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United

---

(N.Y. Sup. Ct.). After two years of litigation the case was settled in 2011, with the terms of the settlement remaining confidential.

States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (holding that copyright registration is a condition that a plaintiff "must satisfy *before* filing an infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court [in *Reed Elsevier*] has held that [17 U.S.C. § 411] imposes a 'precondition' to filing a claim for copyright infringement.").

***

The Court dismisses Plaintiff's claims for copyright infringement asserted in the amended complaint because Plaintiff does not allege sufficient facts demonstrating that he has registered the work in question with the USCO. Plaintiff states that he "filed copyright registration in July 2024" of an unspecified work, that his application was assigned file number 1-14410612761, and that the "sound recording registration is currently active." (ECF 6, at 4.) However, the Arizona District Court previously rejected Plaintiff's assertion that he had properly registered a copyright under that number, holding that it was unclear from Plaintiff's reference to that number whether Plaintiff had properly registered the work in question. The court specifically stated, based on documents Plaintiff filed with the Register of Copyrights, which he also filed with the court, that it was unclear whether Plaintiff had complied with the requirements to secure the copyright by uploading or mailing to the USCO that material he was seeking to register. *See Roderick*, No. 2:24-CV-1871, ECF 37, at 3. Furthermore, a search of the USCO's registry, of which the Court may take judicial notice, does not indicate any copyright related to "You May Be Right" that was registered by Plaintiff, or any copyright registration connected to the file number 1-14410612761.

Because the Arizona court appears to have previously rejected Plaintiff's assertion that he registered a copyright for "You May Be Right" under the file number he provided, and because the USCO's registry does not show any copyright registered to Plaintiff that is related to "You May Be Right," *it appears that Plaintiff has not registered with the USCO the work he alleges has been infringed before bringing this action*. The Court therefore dismisses Plaintiff's copyright infringement claims without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d

> Cir. 1988). *Because Plaintiff has already been granted one opportunity to amend his copyright claims in this court, and multiple opportunities in the District of Arizona, the Court declines to grant Plaintiff another opportunity to amend his federal copyright claims*.

(ECF No. 8 at 4-6) (emphasis added).

With regard to Plaintiff's "state law claims, brought under the court's diversity of citizenship jurisdiction," the Southern District of New York concluded venue was not proper in that court because Plaintiff did not allege facts suggesting the events giving rise to the state common-law claims arose in the Southern District of New York. (ECF No. 8 at 7). The court noted:

> While it is unclear whether all defendants were involved in the events giving rise to Plaintiff's state law claims, Plaintiff alleges that Alexander breached the contract with him, and Alexander resides in the District of Arizona. Furthermore, the United States District Court for the District of Arizona has previously held that similar state law claims asserted by Plaintiff are untimely, and that court may be best situated to determine whether Plaintiff's claims in this action are also untimely or whether equitable or statutory tolling should apply.

(ECF No. 8 at 7).

The Southern District of New York dismissed Plaintiff's federal copyright claims, without leave to amend those claims, and directed the Clerk of the Court to "transfer Plaintiff's claims arising under state law to the United States District Court for the District of Arizona," and to "enter judgment dismissing Plaintiff's federal copyright infringement claims for the reasons stated in this order." (ECF No. 8 at 8). On January 14, 2026, judgment was entered in *Roderick II* and Plaintiff was given notice of his right to appeal. (ECF No. 9). Plaintiff did not appeal the dismissal of his federal copyright claims. Plaintiff's state-law based claims were transferred to the District of Arizona on January 30, 2026. (ECF No. 10).

### C. Subsequent *Roderick II* Proceedings in the District of Arizona

On February 12, 2026, Plaintiff filed a motion seeking leave to proceed on an "amended complaint," i.e., a second amended complaint in the transferred case,

*Roderick II*, and he lodged a proposed second amended complaint. (ECF Nos. 14 & 16). On February 26, 2026, Plaintiff filed a "motion to accept third amended complaint," and he lodged a proposed third amended complaint. (ECF Nos. 20, 21, 22).

On March 16, 2026, Plaintiff filed a motion seeking leave to proceed on a "Fourth Amended Complaint," and lodged a proposed amended complaint. (ECF Nos. 32 & 33). On March 25, 2026, Plaintiff filed notice of filing a "Fifth Amended Complaint," and lodged a proposed amended complaint. (ECF Nos. 36 & 37). Plaintiff subsequently filed a motion seeking leave to proceed on a "Sixth Amended Complaint," and lodged a proposed amended complaint (ECF Nos. 42 & 43).

**II. Screening of Complaints**

An amended complaint supersedes any previously lodged or filed complaint. Accordingly, this Report and Recommendation will only consider the proposed amended complaint lodged at ECF No. 43.

Plaintiff proceeds pro se and the United States District Court for the Southern District of New York gave Plaintiff leave to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, Plaintiff's claims are subject to sua sponte review and dismissal if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) "not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim" for relief. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Screening under § 1915(e)(2) is performed under the same standard of review as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*, *e.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). It is the duty of the plaintiff to fully articulate their claims. To avoid being dismissed pursuant to Rule 12(b)(6) a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain more than a "formulaic recitation of the elements of a cause of

action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *See also Iqbal*, 556 U.S. at 678. A complaint that fails to allege insufficient facts under a cognizable legal theory fails to state a plausible claim for relief. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). To survive screening, "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations omitted). Because one of the primary functions of a complaint is to provide a *factual* basis for the plaintiff's claims, a complaint written without clarity and specificity as to who is being sued and for what "fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996).

When making a determination, as a matter of discretion, as to whether a complaint is frivolous the Court is not bound to accept without question the truth of the plaintiff's allegations. *See*, *e.g.*, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, the Court may dismiss all or part of an *in forma pauperis* complaint if the plaintiff's claims lack an arguable basis either in law or in fact. *Id.* This includes claims based on legal conclusions that are untenable, as well as claims based on factually frivolous claims. *Id.* at 32-33; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Although the Court must liberally construe a pro se plaintiff's pleadings, *e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the Court to infer the "possibility of misconduct" fall short of meeting the plausibility standard. *Iqbal*, 556 U.S. at 678-79. *See also Starr v. Baca*, 652

F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Even pro se pleadings must contain a minimum level of factual support and a plaintiff should not be allowed to proceed on an *in forma pauperis* complaint if the Court must invent scenarios not evident from the face of the complaint. *See Richmond v. Cagle*, 920 F. Supp. 955, 957 (E.D. Wis. 1996), *cited in Staples v. Arizona Dep't of Econ. Sec.*, No. 06–cv-2034, 2007 WL 864742, at *1 (D. Ariz. Mar. 20, 2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016), *quoting Iqbal*, 556 U.S. at 679.

Additionally, the Court's discretion to deny leave to amend is particularly broad where plaintiff has previously been permitted to amend their complaint. *See*, *e.g.*, *Telesaurus VPC, LLC, v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996); *Williams v. Clark*, No. 14-cv-0414, 2015 WL 6005141, at *4 (D. Nev. Oct. 14, 2015) ("A proposed amendment to a complaint that merely restates and seeks to reinstate claims that already have been dismissed may be properly denied as futile."). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Moreover, time-barred claims constitute legally frivolous claims appropriate for dismissal upon screening; an untimely claim is frivolous and *sua sponte* dismissal without leave to amend is justified if a complete defense, i.e., that the claim is time-barred without excuse and that it is obvious from the pleadings that the deficiency cannot be cured by amendment. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Johnson v. Rodriguez*, 943 F.2d 104, 107-108 (1st Cir. 1991); *Davis v. Goodyear Police Dep't*, No. 18-cv-02603, 2019 WL 13239613, at *3 (D. Ariz. Apr. 10, 2019), *aff'd*, 796 F. App'x 449 (9th Cir. 2020).

### III. Plaintiff's Proposed Sixth Amended Complaint

In his proposed sixth amended complaint in this matter Plaintiff asserts the following facts:

> 12. Between April and November 1979, Plaintiff was invited by keyboardist Brian Shackleford to participate in a recording session at Pantheon Recording in Scottsdale, Arizona.
> 13. Plaintiff received no guide track or instructions and composed an original drum arrangement during the session.
> 14. Plaintiff performed multiple takes; the final master recording was retained by Defendant Alexander.
> 15. Plaintiff received a $50 check and no written contract.
> 16. Two weeks later, Shackleford informed Plaintiff that Billy Joel had selected two songs from the session and that Plaintiff would be compensated "on the other end," which Plaintiff understood as a promise of royalties or additional payment.
> 17. Plaintiff never received credit or compensation.
> 18. Plaintiff's drum arrangement features a distinctive rhythmic feel built around an eighth-note hi-hat pattern with a syncopated open-hi-hat accent occurring off the fourth measure, creating an R&B-influenced texture unusual for a pop/rock track of that era.
> 19. Plaintiff incorporated unique transitions and fills connecting the verses, pre-chorus, and chorus sections, including off-beat accents and dynamic shifts.
> 20. Plaintiff performed an unconventional bass-drum pattern toward the end of the second verse, adding a rhythmic push leading into the transition.
> 21. These elements – the feel, groove, transitions, syncopation, and overall rhythmic structure-are identifiable in the commercially released recording of "You May Be Right."
> 22. Plaintiff later learned that his drum arrangement was incorporated into "You May Be Right," the lead track on Glass Houses, which sold more than seven million copies worldwide.
> 23. The commercially released recording contains the same syncopated open-hi-hat pattern, transitional fills, and distinctive bass-drum phrasing Plaintiff performed during the 1979 session.
> 24. Plaintiffs recorded performance was delivered to Defendant Alexander, who maintained the master recording.
> 25. Shackleford informed Plaintiff that Joel had selected songs from the session, demonstrating direct access to Plaintiffs work.
> 26. The distinctive drum arrangement appearing on "You May Be Right" is substantially similar to Plaintiff's recorded performance.

27. Plaintiff obtained a publicly available YouTube interview in which Defendant Liberty DeVitto stated that he and Defendant Joel "were being sued" for "You May Be Right."
28. DeVitto discussed the lawsuit in connection with the song's creation.
29. This constitutes an admission by a party opponent under Fed. R. Evid. 801(d)(2) and demonstrates actual notice of Plaintiff's authorship claim.
30. Plaintiff did not discover the infringement until approximately 2018-2019 when he heard the song on the radio and recognized his own drumming.
31. Between 1980 and 1985, Plaintiff suffered severe depression, including hospitalization in 1982, impairing his ability to investigate the use of his work.
32. Plaintiff was discouraged from contacting Defendants due to warnings that doing so could "cause trouble," which impeded his ability to obtain information.
33. Plaintiff acted diligently upon discovery, reconnecting with Shackleford in 2019 and contacting Alexander in 2023 as soon as their relevance became known.
34. Plaintiff has been receiving Social Security disability benefits since 2010 due to longstanding mental-health impairments recognized by the Social Security Administration.
35. Plaintiffs mental-health limitations materially affected his ability to process events, investigate facts, or pursue legal claims during the relevant period.
36. Under Ninth Circuit precedent-including *Bills v. Clark*, *Stoll v. Runyon*, *Forbess v. Franke*, and District of Arizona cases such as *Cruz v. Shinn* (Bibles, M.J.) mental-health impairments may justify equitable tolling where they impair a litigant's ability to understand or act upon legal rights.
37. Plaintiff satisfies both elements of equitable tolling: (1) diligence once able to act, and (2) extraordinary circumstances preventing earlier filing.
38. Plaintiff filed a copyright application for the musical work and recorded performance underlying this action with the United States Copyright Office.
39. The Copyright Office accepted the *application* and assigned Case Number 1-150900000-021. A copy of the application, payment receipt, and assignment notice is attached as Exhibit A.
40. Plaintiff will supplement the record with the issued registration certificate immediately upon receipt.

(ECF No. 43 at 2-4) (emphasis added).

Plaintiff states a cause of action for copyright infringement pursuant to 17 U.S.C. § 501 (Count 1). Plaintiff asserts he has "satisfied the statutory prerequisite of 17 U.S.C. § 411(a) by submitting a complete copyright *application*." (ECF No. 43 at 4) (emphasis added). Plaintiff submits a copy of an application for a copyright, a payment receipt and a registration "claim." (ECF No. 43 at 4, 7, 10). Plaintiff also asserts a claim for "breach of verbal contract" (Count 2). (ECF No. 43 at 4-5). Plaintiff alleges that "Shackleford, acting as an agent of Alexander, expressly promised Plaintiff that he would receive royalties or additional compensation if his drum arrangement was selected for commercial use," and that "Plaintiff relied on this promise and performed the work," and "Defendants breached the agreement by failing to compensate Plaintiff." (ECF No. 43 at 5). The proposed sixth amended complaint also contains a claim for "Unjust Enrichment" (Count 3). (*Id.*). Plaintiff asserts he "conferred a substantial benefit on Defendants by creating the drum arrangement used in 'You May Be Right,'" and that Defendants "knowingly accepted and profited from Plaintiff's work," and "[i]t would be inequitable for Defendants to retain these profits without compensation." (*Id.*). Plaintiff seeks contract and copyright "damages," "Royalties and accounting," "Restitution," "Declaratory relief recognizing Plaintiff's authorship," "Injunctive relief requiring proper crediting," and costs. (*Id.*).

With regard to the timeliness of his claims, Plaintiff alleges he "did not recognize the use of my drum arrangement until approximately 2018-2019, when I heard the song on the radio and recognized my own performance. [] Before that time, I had no reason to know or suspect that my 1979 recording session had been used in a major commercial release." (ECF No. 43 at 16).[4]

---

[4] The Court could conclude it is not reasonably plausible that Plaintiff did not hear the song and "recognize" his distinctive performance prior to 2019, i.e., twenty-nine years after the song was released and after Shackleford purportedly advised Plaintiff one of the songs from the recording session was to be used by Joel. By Plaintiff's own admission, the song was a "hit" and therefore was played over and over and over by United States radio stations. Had Plaintiff's performance been so distinctive that it was recognizable as his own composition, as recorded by Plaintiff or played by another drummer, i.e., DeVitto, Plaintiff would presumably have recognized the drum performance was identical to the one he recorded in 1979. Although

**IV. Analysis**

The only claims remaining in this matter, per the final, appealable judgment entered by the Southern District of New York, are the state-law based claims. Both the District of Arizona, in *Roderick I*, and the Southern District of New York, in *Roderick II*, dismissed Plaintiff's federal copyright infringement claims after each court allowed Plaintiff numerous attempts to amend his complaint(s) to properly state a claim for federal copyright infringement. These decisions are law of the case, and should not be disturbed. Additionally, although Plaintiff has applied for a copyright, he has not obtained a *registered* copyright. In the third, fourth, fifth, and sixth proposed amended complaints Plaintiff reasserts a claim for copyright infringement, but he does not produce any evidence that he possesses a *registered* copyright with regard to the musical performance recorded in 1979 at Pantheon Studios in Scottsdale, Arizona.

**A. Infringement of copyright**

In the proposed sixth amended complaint Plaintiff states a cause of action for copyright infringement pursuant to 17 U.S.C. § 501 (Count 1). Plaintiff asserts he has "satisfied the statutory prerequisite of 17 U.S.C. § 411(a) by submitting a complete copyright *application*." (ECF No. 43 at 4).

While copyright protection may exist without registration, § 411(a) establishes that no civil action for infringement of the copyright in any United States can brought until after registration of the copyright has been made. *See*, *e.g.*, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*, 586 U.S. 296 (2019) (holding registration of a copyright occurs when the Copyright Office *actually registers* the copyright, not when an applicant submits the application). This requirement is akin to an administrative exhaustion requirement that the plaintiff must satisfy *before* suing to enforce ownership rights. *Id.* at

---

Plaintiff states that between 1980 and 1985 he experienced severe depression and was hospitalized, this does not suffice to explain why Plaintiff did not recognize the performance between 1985 and 2019, or act to assert any rights regarding the drum performance recorded in 1979 prior to 2024. (ECF No. 43). However, even allowing Plaintiff did not recognize his own performance until 2019, all of his claims, first presented to a court on July 30, 2024, in *Roderick I*, are time-barred.

301. Simply put, although Plaintiff has applied for a copyright, without actually holding a registered copyright Plaintiff does not have standing to sue for infringement of a copyright.

Additionally, the statute of limitations on a claim of infringement of a federal copyright is three years, i.e., the claim must be filed within three years of when the claim accrued. *See* 17 U.S.C. § 507. The claim accrues, and the three-year statute of limitations begins to run, when the plaintiff discovers or with due diligence should have discovered the infringing act. *See*, *e.g.*, *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022). As Judge Brnovich concluded, the latest Plaintiff knew or should have known that his performance was used on the Glass Houses album was 2019; therefore Plaintiff's copyright infringement claim, first filed in 2024, was not brought within the applicable statute of limitations.

It is also noted that the Southern District of New York dismissed Plaintiff's infringement claim without leave to amend, and the dismissal was appealable to a federal Circuit Court of Appeals, indicating a final disposition of the claim. Although dismissal of a claim pursuant to § 1915 is generally without prejudice, if it is absolutely clear that the deficiencies of the claim cannot be cured by amendment the dismissal operates as a dismissal with prejudice. *Cf. Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1063, 1074 (9th Cir. 2025). Plaintiff has now had a total of nine opportunities to amend his complaint to cure the deficiencies with regard to his copyright claim, and still fails to demonstrate that he is entitled to equitable tolling of the statute of limitations for the entire period prior to July of 2021 (when the three-year period began to run on his complaint filed in July of 2024), and he fails to plausibly assert that he has a registered copyright on the subject work, rather than that he has filed an application to register the copyright.

Accordingly, upon screening of Plaintiff's proposed sixth amended complaint, Plaintiff's claim for copyright infringement under federal law must again be dismissed. At this time the claim should be clearly dismissed with prejudice and without leave to

amend, and the order of dismissal should clearly indicate this is a final disposition of this claim because the claim is clearly time-barred and any additional amendment will not render the claim timely. *See Martinez v. Gomez*, 137 F.3d 1124, 1125-26 (9th Cir. 1998); *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015); *Moore v. United States*, 193 F.R.D. 647, 651-52 (N.D. Cal. 2000); *Conway v. Johnson*, 115 F.R.D. 603, 604 (N.D. Cal. 1987).

**B. Breach of verbal contract**

Plaintiff also states a claim for "breach of verbal contract" (Count 2). (ECF No. 43 at 4-5). Plaintiff alleges that "Shackleford, acting as an agent of Alexander, expressly promised Plaintiff that he would receive royalties or additional compensation if his drum arrangement was selected for commercial use," and that "Plaintiff relied on this promise and performed the work," and "Defendants breached the agreement by failing to compensate Plaintiff." (ECF No. 43 at 5). This claim against any Defendant is barred by the applicable statute of limitations. Under Arizona law, the statute of limitations for breach of an oral contract is three years. *See* Ariz. Rev. Stat. Ann. § 12-543(1) (providing that an action "[f]or debt where the indebtedness is not evidenced by a contract in writing" must be commenced within three years after the cause of action accrues). Plaintiff acknowledges that he contacted Shackleford in 2019 regarding the alleged verbal promise, but Plaintiff did not file his first complaint until July of 2024, more than one year after the statute of limitations expired, at the latest, in late 2022. Additionally, the shorter limitations period for oral contracts, as compared to written contracts, reflects the difficulties of establishing that an oral agreement existed, because the requisite evidence is less reliable with the passage of time.

Moreover, Plaintiff also fails to allege sufficient facts establishing an oral contract between Plaintiff and Shackleford or any other Defendant. Pursuant to Arizona law, to state a cognizable claim for breach of contract the plaintiff must establish the existence of a valid contract, i.e., an offer, an acceptance, and consideration. *See*, *e.g.*, *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 213 (Ariz. Ct. App. 1983). The parties to the contract must also intend to be bound, and the contract terms must be

sufficiently definite to enable the obligations to be ascertained. *E.g.*, *Tabler v. Industrial Comm'n of Ariz.*, 202 Ariz. 518, 521 (Ariz. Ct. App. 2002); *K-Line Builders, Inc.*, 139 Ariz. at 212. The terms of the agreement must be sufficiently specific and certain to be enforceable; vague or undefined terms are insufficient to find an agreement enforceable as a matter of law. *Goldbaum v. Bloomfield Bldg. Indus., Inc.*, 10 Ariz. App. 453, 458 (Ariz. Ct. App. 1969).

Plaintiff asserts that he was promised $50 for performing during the sessions, he performed during the sessions, and he received the $50. Although Plaintiff asserts that Shackleford later told him he would be compensated an unspecified amount at some future point in time, purportedly for the use of some portion of the already performed and paid-for work, this is simply too vague, and insufficient, to support a cognizable claim for relief.[5] There appears to be no consideration proffered from Plaintiff to Shackleford in return for the promised additional funds, because Plaintiff had already performed the work and received the amount of money he had been promised for the work. Moreover, nothing Shackleford told Plaintiff would be binding on any other Defendant, i.e., Alexander or DeVitto or Joel or the corporate Defendant. Plaintiff has now been allowed eight opportunities to amend his complaint to state a cognizable claim, and has failed to do so. Accordingly, this claim should be dismissed without leave to amend and as a final disposition of any type of contract claim against Defendants.

**C. Unjust Enrichment**

In the proposed sixth amended complaint Plaintiff asserts a state-law based claim of unjust enrichment, asserting Defendants unjustly profited from the performance he recorded in 1979. (ECF No. 43 at 5). Plaintiff asserts he "conferred a substantial benefit on Defendants by creating the drum arrangement used in "You May Be Right," and that

---

[5] Notably, in his proposed second amended complaint in *Roderick I*, Plaintiff alleged: "A couple of weeks" after the recording session, and after Plaintiff was paid the promised $50 for the recording session, and after he was told Joel "was going to record two of the songs," "Pro Se Plaintiff was informed that he would be compensated for his services later, in which no time frame was discussed or, the kind of payment promised was not clarified." *Roderick I*, ECF No. 19 at 9).

Defendants "knowingly accepted and profited from Plaintiff's work," and "[i]t would be inequitable for Defendants to retain these profits without compensation." (*Id.*).

In *Roderick I* Judge Brnovich held that Plaintiff knew, or should have known, of the bases for the alleged causes of action no later than 1981 or, at the very latest, in 2019. Under Arizona law, a claim for "unjust enrichment" is subject to a four-year statute of limitations. *See* Ariz. Rev. Stat. Ann. § 12-550 (Arizona's statute providing a general statute of limitations for actions other than for the recovery of real property, for which no limitation is otherwise prescribed by law). Accordingly, any claim of unjust enrichment is barred because at the very latest any claim for unjust enrichment must have been filed in 2023 and Plaintiff did not file his first complaint until July of 2024. Plaintiff's second amended complaint in *Roderick I*, wherein he first raised a claim for unjust enrichment, was docketed September 19, 2024; even allowing that the claim related back to the filing of the complaint, the claim was not timely asserted.

**V. Conclusion**

All of Plaintiff's claims for relief are time-barred and accordingly all of the claims should be dismissed. Furthermore, Plaintiff has now filed two amended complaints in *Roderick I* and six amended complaints in *Roderick II* and, accordingly, dismissal should be with prejudice and without leave to amend. Because Plaintiff has previously been granted leave to amend the Court's discretion to deny leave to amend is particularly broad. *E.g.*, *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009). The claims should be dismissed with prejudice because Plaintiff has been given numerous opportunities to plead facts establishing that he is entitled to tolling of the statute of limitations from the entire period of 1980 through 2021, and and numerous opportunities to plead plausible facts establishing an entitlement to relief under a cognizable legal theory, and he has failed to do so. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1190-91 (9th Cir. 2024), *citing Metzler Inv. GMBH v. Corinthian Coll., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("Metzler points to no additional facts that it might allege to cure these deficiencies, which persisted in every prior iteration of the TAC").

*See also Bettles v. Toyota Motor Corp.*, 645 F. Supp. 3d 978, 986 (C.D. Cal. 2022) (concluding dismissal would be with prejudice and without leave to amend where the court previously dismissed the claims as time-barred but had granted leave to amend to plead facts establishing equitable tolling was warranted and the plaintiff failed to plead such facts on amendment). Three federal judges have now expended judicial resources considering Plaintiff's claims, and all have reached the same conclusion, i.e., that Plaintiff fails to state cognizable claims and all of the presented claims are time-barred. Accordingly, any claims predicated on the same basic alleged facts should be precluded. *See Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (holding that where a complaint had been twice amended, and allowing future amendment would create an undue burden on the court, the district court was "well within its discretion" in not allowing the plaintiffs a "fourth" "bite[] at the apple.").

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion for leave to proceed on a proposed sixth amended operative complaint (ECF No. 42) be **denied**.

**IT IS ALSO RECOMMENDED that** all of Plaintiff's prior motions (ECF Nos. 14, 20, 21, 32, 42, to proceed on an amended complaint be **denied** as moot by the filing of the subsequent motions to proceed on an amended complaint.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion to allow electronic filing at ECF No. 15, his motion for a status report at ECF No. 24, and his motion to accept a notice of errata at ECF No. 34, **all be denied as moot**.

**IT IS FINALLY RECOMMENDED that** all of the claims stated in the operative Amended Complaint at ECF No. 6, and the Amended Complaint at ECF No. 6, be **dismissed with prejudice**, and that the Court order this case closed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this

recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 7(b)(2). Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of July, 2026.

Camille D. Bibles
United States Magistrate Judge